UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE ANN CROSSLAND-WYMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-01533-SRC |
| ) | |
| AMERICAN FAMILY MUTUAL ) | |
| INSURANCE COMPANY, S.I., ) | |
| ) | |
| Defendant. ) | |

**Memorandum and Order**

Threshold discovery routinely requires parties (and courts) to reevaluate jurisdiction. Here, the parties operated under the assumption that Willie Ann Crossland-Wyms's alleged damages eclipsed the $75,000 amount-in-controversy threshold, thus empowering the Court's jurisdiction over the case. But after obtaining additional information regarding the applicable policy's coverage limit, Crossland-Wyms sought leave to pare down her complaint which, in turn, may reduce the size of her available recovery. Then, based on her slimmed-down claims and potentially slimmed-down recovery, Crossland-Wyms asked that the Court remand this case back to state court. Because the Court finds no reason to deny leave to amend her complaint, it grants that portion of Crossland-Wyms's motion. The Court, however, disagrees that it must remand the case for lack of subject-matter jurisdiction because, at the time of removal, Crossland-Wyms's claims and allegations satisfied the amount in controversy.

**I.    Background**

In October 2024, Crossland-Wyms filed this lawsuit in Missouri state court against American Family, asserting two state-law claims—breach of contract (Count I) and vexatious refusal (Count II). Doc. 6 at 1, 4–7 (The Court cites to page numbers as assigned by CM/ECF.).

American Family removed the case to this Court in November 2024. Doc. 1. In its notice of removal, American Family alleged that the Court had subject-matter jurisdiction because, among other things, the "amount in controversy [was] satisfied based upon the allegations" that Crossland-Wyms "ha[d] underinsured motorist coverage in the amount of $100,000," and that "she [was] entitled to recovery up to the full amount of the applicable limits." *Id.* at ¶ 8.

But because "nowhere d[id] Crossland-Wyms's complaint 'allege[] that she [was] entitled to recovery up to the full amount of the applicable limits' of the insurance policy," the Court issued its first show-cause order. Doc. 11 at 2 (second alteration in original). In that order, the Court required American Family to show cause "why the Court should not remand this case to state court for lack of subject-matter jurisdiction." *Id.* at 3. In response, American Family provided additional documentation and explanation, assuring the Court that "it is clear that" Crossland-Wyms "[sought] in excess of a $75,000 recovery in this matter." Doc. 17 at ¶ 7; *see also* doc. 17-1. Having reviewed American Family's arguments in support of jurisdiction, *see* doc. 21, the Court held, and the parties took part in, a Rule 16 Conference, doc. 25.

The case proceeded to discovery, *see* doc. 26, and in February 2025, Crossland-Wyms timely filed her instant motion for leave to amend her complaint and remand the case, doc. 29; *see* doc. 26 at I.B. In her motion, Crossland-Wyms explained that, "based on information obtained in the ordinary course of this litigation," she sought leave under Federal Rule of Civil Procedure 15(a)(2) to "amend details" in her complaint "concerning insurance policy limits" and "remove Count II" for "[v]exatious [r]efusal." Doc. 29 at 1. She also, due to her requested amendments, asked that the Court remand the case to state court because, "[a]s a result, the total amount of potential damage" sought as part of her sole-remaining claim "[was] $75,000.00 or less"—"less than the federal jurisdictional requirement." *Id.* at ¶ 13.

2

American Family did not file a response to Crossland-Wyms's motion. And so the Court, which has a preference for briefing from both sides, issued its second show-cause order. Doc. 30. In that order, the Court ordered American Family to show cause "why it ha[d] not filed any response in opposition to Crossland-Wyms's motion." *Id.* at 1. And "assuming American Family oppose[d] Crossland-Wyms's motion," the Court also ordered American Family to "file any response in opposition" to the motion. *Id.* American Family did not respond to the show-cause order, file any response in opposition to Crossland-Wyms's motion, or request any other relief from the Court.

## II.  Standard

### A.  Leave to amend

Rule 15 controls amendments to pleadings. Subsection (a)(1) governs amendments "as a matter of course"—i.e., those typically made shortly after a party files a pleading. Subsection (a)(2), on the other hand, dictates amendments "[i]n all other cases." Under the latter provision, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). And a court "should freely give leave when justice so requires." *Id.*

Under the liberal Rule 15 amendment policy, "[d]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (quoting *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001)); *see also Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) ("A court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated failure

3

to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." (citation omitted)).

**B.     Remand**

28 U.S.C. § 1441(a) prescribes that a defendant may remove a case "of which the district courts of the United States have original jurisdiction." And "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000," 28 U.S.C. § 1332(a), and is between "citizens of different States," 28 U.S.C. § 1332(a)(1). Courts "cannot assume the amount-in-controversy requirement is satisfied," rather, "the removing party 'bears the burden of proving that the jurisdictional threshold is satisfied.'" *Turntine v. Peterson*, 959 F.3d 873, 880–81 (8th Cir. 2020) (quoting *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009)).

Pursuant to 28 U.S.C. § 1446(c)(2), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" in actions removed from state court on diversity-of-citizenship grounds. Further, "[i]t is axiomatic the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (citations omitted). Further, the subsequent amendment of pleadings—to reduce the amount of damages sought below the amount-in-controversy threshold—does not divest a court of subject-matter jurisdiction. *See Core v. Sw. Bell Tel. Co.*, 847 F.2d 497, 498 (8th Cir. 1988) (per curiam); *Hilfiker v. Se. Boll Weevil Eradication Found., Inc.*, No. 1:09-cv-00149-SNLJ, 2009 WL 5214880, at *1 (E.D. Mo. Dec. 23, 2009).

"Subsequent events may, however, be relevant to prove the existence or nonexistence of diversity jurisdiction *at the time of filing*." *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*,

4

620 F.3d 926, 931 (8th Cir. 2010) (emphasis added). But "a 'distinction must be made . . . between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action.'" *Schubert*, 649 F.3d at 823 (alteration in original) (quoting *State Farm Mut. Auto. Ins. Co. v. Powell*, 87 F.3d 93, 97 (3d Cir. 1996)).

### III.   Discussion

#### A.    Leave to amend

In her motion, Crossland-Wyms sought leave to amend her complaint in two ways. First, as evidenced in her proposed amended complaint, she added a paragraph to "amend details concerning" the applicable limits of the "insurance policy" in question. Doc. 29 at 1; *see* doc. 29-1 at ¶ 22. Based on "recently obtained new information from" American Family "regarding available policy limits for [her] claim," Crossland-Wyms contended that she can recover "up to $75,000, and not in excess," which represents "the maximum" amount "available to" her "under the relevant insurance policy." Doc. 29 at 5.

And second, Crossland-Wyms omitted her vexatious-refusal claim "and any information related to th[at] count." *Id.* at 1; *see* doc. 29-1 at 6–7. She argued that the Court should grant leave because her amended complaint would "not cause undue delay, [was] not filed in bad faith, [would] not prejudice . . . American Family, and [was] not futile." Doc. 29 at ¶ 17. As the Court noted, American Family did not file any response in opposition to Crossland-Wyms's motion.

The Court must "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). And in the absence of any opposition from American Family, the Court does not find present any of the "limited circumstances" necessary to justify "[d]enial of leave to amend pleadings"—i.e., "undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair

5

prejudice to the non-moving party." *Hillesheim*, 897 F.3d at 955 (quoting *Roberson*, 241 F.3d at 995). Therefore, the Court concludes that justice so requires leave to amend and, on that basis, grants the portion of Crossland-Wyms's motion requesting leave to amend her complaint.

**B.     Remand**

With the Court granting her leave to amend, Crossland-Wyms further insisted that the Court should remand the case back to state court because, "[a]s a result" of her now-operative amended complaint, "the total amount of potential damage" sought as part of her sole-remaining breach-of-contract claim "is $75,000.00 or less," which falls below "the federal jurisdictional requirement." Doc. 29 at ¶ 13; *see* doc. 29-1. Crossland-Wyms also clarified that American Family "has not produced the policy" in question, "but rather" its "counsel expressed through phone calls and emails" that "the amount of the policy at issue" provided "coverage . . . up to $75,000 and not in excess." Doc. 29 at 5.

When American Family removed this case, Crossland-Wyms's complaint asserted one claim for breach of contract and one claim for vexatious refusal. Doc. 6 at 4–7. For the breach-of-contract claim, Crossland-Wyms requested "all damages owed to her under the contract for insurance . . . greater than $25,000.00," "costs," and "post-judgment interest." *Id.* at 5. And for the vexatious-refusal claim, she requested damages "greater than $25,000.00," "costs," "pre- and post-judgment interest," "statutory penalties, including attorneys' fees, and additional damages for vexatious refusal per the statute." *Id.* at 7.

In its notice of removal, American Family explained that Crossland-Wyms "ha[d] underinsured motorist coverage in the amount of $100,000, and further allege[d] that she [was] entitled to recovery up to the full amount of the" policy. Doc. 1 at ¶ 8. Crossland-Wyms "further allege[d] injuries to her neck, thorax, back, right shoulder, abdomen and left elbow,"

6

American Family described, "plus [she] allege[d] entitlement to penalties and attorneys' fees for vexatious refusal to pay." *Id.*

After American Family removed the case, the Court issued its first show-cause order, ordering American Family to explain "why the Court should not remand th[e] case" for Crossland-Wyms's claims appearing to not eclipse the amount-in-controversy threshold. Doc. 11 at 3. American Family responded and provided additional documentation and explanation, evidencing that Crossland-Wyms sought "in excess of a $75,000 recovery in this matter." Doc. 17 at ¶ 7; *see also* doc. 17-1.

And so, based on the claims and allegations in Crossland-Wyms's complaint, and American Family's arguments in its notice of removal and its response to the Court's show-cause order, doc. 17; *see* doc. 11, the amount in controversy—"at the time of removal"—surpassed the $75,000 threshold and, therefore, the Court had subject-matter jurisdiction over the case, *Schubert*, 649 F.3d at 822; *see* 28 U.S.C. § 1446(c)(2). Crossland-Wyms's subsequent amendment of her pleadings cannot change that fact. *See Core*, 847 F.2d at 498 (concluding "that the district court did not err in denying the [plaintiff's] motion to remand" filed "after the amount of damages sought was amended to under the" requisite "jurisdictional amount"); *Hilfiker*, 2009 WL 5214880, at *1 (denying plaintiffs' motion to remand where, after alleging "$45,000 in actual damages and $135,000 in punitive damages," plaintiffs argued that they "amended their petition to drop the claim for punitive damages, leaving only $45,000 in actual damages plus court costs").

Nor do Crossland-Wyms's arguments in her motion amount to "subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action." *Schubert*, 649 F.3d at 823 (quoting *Powell*, 87 F.3d at 97). Sure, she argued that

7

American Family now "contends that the maximum available to [her] under . . . the relevant insurance policy [is] $75,000.00." Doc. 29 at 5.  But even assuming, for a moment, that she could only recover $75,000, and no more, under the applicable policy at the time she filed suit, Crossland-Wyms's complaint also requested a host of additional damages under her claim for vexatious refusal, including attorneys' fees.  Doc. 6 at 6–7.

Thus, "[o]n the face of [Crossland-Wyms's] pleadings," American Family "was entitled to invoke the jurisdiction of the federal court and a reduction of the amount claimed after removal[] did not take away that privilege." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 296 (1938).  The Court, therefore, denies the portion of Crossland-Wyms's motion to remand this case to state court.

### IV.   Conclusion

Accordingly, the Court grants in part and denies in part Crossland-Wyms's [29] Motion for Leave to File Amended Complaint and Motion to Remand.  Specifically, the Court grants the portion of Crossland-Wyms's motion seeking leave to amend her complaint.  As a result, the Court orders Crossland-Wyms to, no later than June 20, 2025, file a clean version of her amended complaint for docketing.  The Court also orders that American Family, in accordance with Federal Rule of Civil Procedure 15(a)(3), file "any required response to [the] amended pleading . . . within 14 days after service of the amended pleading."  Lastly, the Court denies the portion of Crossland-Wyms's motion seeking remand to state court.  All deadlines in the Court's case-management order, doc. 26, remain in effect.

So ordered this 17th day of June 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE